UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AUBREY JERMAINE CUMMINGS,

    Petitioner,

v.                                              CASE NO. 6:04-cv-1613-Orl-19DAB
                                                    (6:01-cr-183-Orl-19DAB)

UNITED STATES OF AMERICA,

    Petitioner.

_____

**<u>ORDER</u>**

    This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Aubrey Jermaine Cummings.  The Government filed a timely response to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. No. 12).  Petitioner then filed a reply (Doc. No. 14).

    Petitioner raises three claims in his section 2255 motion: first, that the Court lacked subject-matter jurisdiction "to convict and sentence Petitioner for a non-offense as charged in count one of the indictment"; second, that, in light of *Apprendi* and *Blakey,* his conviction and sentence must be vacated; third, that, in light of *Apprendi* and *Blakey*, the Court erred when it sentenced Petitioner to a life sentence; and fourth, that he received ineffective assistance of counsel.

*Procedural History*

    Petitioner was charged by indictment with conspiracy to possess with intent to distribute at least 50 grams of cocaine base and at least 5 kilograms of cocaine hydrochloride (Criminal Case No.

6:01-cr-183-Orl-19DAB, Doc. No. 1, filed October 24, 2001).[1] A jury trial was held, and Petitioner was found guilty as charged in the indictment (Criminal Case Doc. No. 93, filed May 10, 2002). The Court adjudicated Petitioner guilty of the crime and sentenced him to life imprisonment (Criminal Case Doc. No. 102, filed August 8, 2002). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion which was entered on June 6, 2003. *See* Criminal Case Doc. No. 132, filed July 10, 2003. Mandate issued on July 7, 2003. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court which was denied on November 3, 2003.

*Petitioner's Section 2255 Motion is Timely*

Contrary to the Government's assertion, Petitioner's section 2255 motion is timely. A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence on June 6, 2003, and the Supreme Court denied certiorari review on November 3, 2003.

---

[1] Hereinafter Criminal Case No. 6:01-cr-183-Orl-19DAB will be referred to as "Criminal Case."

Consequently, Petitioner had until November 3, 2004, to file a section 2255 motion in this case. Petitioner timely filed the instant section 2255 motion on November 1, 2004, under the "mailbox rule."[2]

*Claims One, Two, and Three*

Claims one, two, and three were not raised on direct appeal. "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."), *cert. denied*, 498 U.S. 849 (1990); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."), *cert. denied*, 494 U.S. 1018 (1990). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055; *see also Greene*, 880 F.2d at 1305 ("A defendant can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure."). Alternatively, under the fundamental miscarriage of

---

[2] Under the "mailbox rule," the motion would be deemed filed on the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise these claims on direct appeal constitutes a waiver and bars him from raising claims one, two, and three in the instant proceeding.[3]

The Court also notes that both *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakey v. Washington*, 124 S. Ct. 2531 (2004) have not been made retroactive by the United States Supreme Court to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (holding that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *McCoy v. United States*, 266 F.3d 1245, 1257 (11th Cir. 2000) ("[W]e hold that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on

---

[3]The Court notes that Petitioner argued on direct appeal that the Court erred by enhancing his sentence. To the extent that any portions of claims one, two, or three were raised on direct appeal, the Court determines that those portions cannot be relitigated on a section 2255 motion since Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration of those issues. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted) (quotation omitted), *cert. denied*, 531 U.S. 1131 (2001) (holding that "once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255.").

collateral review."), *cert. denied*, 536 U.S. 906 (2002).

*Claim Four*

Petitioner argues that he received ineffective assistance of counsel because of the following: 1) counsel failed to argue against the erroneous sentencing enhancement; and 2) counsel failed to object to prosecutorial misconduct.

    *1.    Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.[4] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

    *1.    Issue One*

Petitioner does not specify what objections counsel should have made to the sentencing enhancements. Petitioner's allegations with regard to this issue are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See*

---

[4]In *Williams v. Taylor*, 529 U.S. 362, 391 (2000), the Supreme Court discussed that to establish prejudice the petitioner must demonstrate that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Quotation omitted) (citation omitted). However, there are situations in which the overriding focus on fundamental fairness may affect the analysis. *Id.*

*United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *affirmed without opinion*, 23 F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994). . Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Petitioner's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw*, 817 F. Supp. at 728.

Further, the Court notes that, on direct appeal, the Eleventh Circuit Court of Appeals specifically determined that the Court properly enhanced Petitioner's sentence. Consequently, Petitioner has not shown deficient performance on the part of counsel or that he sustained prejudice.

*3.    Issue Two*

Petitioner argues that there was prosecutorial misconduct to which counsel should have objected. In particular, Petitioner contends that the prosecutor acted vindictively in pursuing the charge against Petitioner.

"[T]o establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (citations omitted), *cert. denied*, 535 U.S. 1053 (2002). "It is generally agreed that a finding of actual vindictiveness requires direct evidence, such as evidence of a statement by the prosecutor, which is available only in rare cases." *United States v. Dwyer*, 287 F. Supp.2d 82, 89 (D. Mass. 2003) (quotations omitted) (citation omitted).

Here, Petitioner has failed to offer any objective proof that the Government maintained any vindictiveness in bringing the charge against Petitioner. Clearly, the indictment was legally sufficient, and Petitioner presents no evidence to the contrary. Certainly, Petitioner has not shown

that counsel had any basis to raise an objection based on prosecutorial misconduct. Therefore, Petitioner has failed to demonstrate that counsel acted unreasonably or that he sustained prejudice.[5]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed November 3, 2004) filed by Aubrey Jermaine Cummings is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 135, filed November 3, 2004) pending in case number 6:01-cr-183-Orl-19DAB.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __15th___ day of July, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Petitioner also raises the vague and conclusory allegation that the prosecutor acted improperly during the trial. However, his allegations with regard to this matter are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See Cranshaw*, 817 F. Supp. at 728.


Copies to:
pslc 7/15
Aubrey Jermaine Cummings
Counsel of Record